# EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

| | |
|---|---|
| Juice Creative Group, LLC | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   3:22-cv-01175-JCH |
| UncommonGood, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Robert Getz
Pecksland Capital
67 Holly Hill Lane
Greenwich, CT 06830

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Kirsch & Niehaus, PLLC<br>950 Third Avenue, Suite 1900<br>New York, NY 10022      [via remote videoconference] | Date and Time:<br><br>04/12/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/08/2023

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | /s/ Emily B. Kirsch |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Juice Creative Group, LLC , who issues or requests this subpoena, are:

Emily B. Kirsch | Kirsch & Niehaus, PLLC | 950 Third Avenue, Suite 1900, New York, NY 10022 | emily.kirsch@kirschniehaus.com | (646) 415-7530

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:22-cv-01175-JCH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# INSTRUCTIONS

1.      Any objections to the production of documents requested herein shall be made in writing and delivered to the office of Kirsch & Niehaus, PLLC, 950 Third Avenue, Suite 1900, New York, NY 10022, on or before March 29, 2023.

2.      Unless otherwise stated with respect to a specific Request, these Requests seek Documents from the time frame January 1, 2020 to the present.

3.      For the purpose of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation.

4.      These requests are continuing in nature. If, after serving your responses to these Requests, you obtain or become aware of any further documents or things responsive to these requests, you are under a duty pursuant to Federal Rule of Civil Procedure 26(e) to produce such additional documents and things and to supplement or correct all responses to these requests to include such information, even if your responses were correct when first provided. Objection will be made to the introduction at trial or in other proceedings of any document not properly produced pursuant to these Requests.

5.      You are required to search for and produce all documents responsive to these requests that are in your possession, custody, or control, directly or indirectly, that were authored, compiled, drafted, generated, possessed, prepared, read, received, recorded, referred to, reviewed, sent to or by, transmitted to or by, utilized, or written to or by you or on your behalf regardless of their location and regardless of whether such documents are held by agents, including present or former trustees, employees, attorneys, consultants, investigators, accountants, or partners acting on your behalf or in concert with you.

6.      A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part, (b) have a right, by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms, (c) have an understanding, express or implied, that you may use, inspect examine or copy such document on any terms, or (d) have as a practical matter, been able to use, inspect, examine or copy such document when you sought to do so.

7.   In answering these Requests, you are required to furnish all information available to you or subject to reasonable inquiry by you, including information in possession of you, your attorneys, or other persons directly or indirectly employed by, or connected with you or your attorneys, or anyone else otherwise subject to your control.

8.      Each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments having been added to one copy of a document but not appearing on the original, or by reason of material attached to a copy but not to the original).

9.       All requests for agreements or contracts shall be interpreted to include a request for all versions, amendments, supplements, exhibits, attachments, or any other documents that affect the terms of such agreements or contracts or are necessary to fully interpret such agreements or contracts.

10.     Each document is to be produced in its entirety, without abbreviation or limitation. If any document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document and stating whatever information, knowledge, or belief that you have concerning the portion not produced.

2

11.     Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation.

12.     If you cannot provide a full and complete response to any request, respond to the request to the extent possible and specify the portion of the request you are unable to answer and the reasons for your inability to answer or respond in full. If you have no documents responsive to a particular request, so state.

13.     If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document and stating whatever information, knowledge, or belief that you have concerning the portion not produced.

14.     With respect to any documents electronically stored, including e-mail, you shall provide a hard copy printout of the document or an electronic copy of the document in the form that it is ordinarily maintained, so long as it is in a form that is reasonably usable, which includes identifying where each document begins and ends and identifying any attachments to each document.

15.     If a refusal to answer a Request is stated on the grounds that it is an undue burden, identify the number and nature of documents needed to be searched, the location of the documents, the number of person hours and amount of costs required to conduct the search.

16.     If any information called for by a Request herein is withheld because you claim that information is contained in a privileged document and/or communication, for such written document or communication, state:

(a)     Its date and type (e.g., letter or memorandum);

(b)     Its author;

(c)     To whom addressed;

3

(d)     All copied addresses;

(e)     All other persons who have received, copies or otherwise have been permitted to see all or a part of the original or any copy thereof;

(f)     The description of each subject matter discussed, described or referred to therein;

(g)     The specific reason why you claim it is privileged; and

(h)     The name of its present custodian.

17.     If a document contains both privileged and non-privileged material, you shall disclose the non-privileged material to the fullest extent possible. If a privilege is asserted with regard to part of the material contained in a document, you shall clearly indicate the portions for which the privilege is claimed.

18.     If any document responsive to these requests is known to have existed and cannot now be located, or has been destroyed or discarded, you shall set forth a complete statement of the circumstances surrounding such loss or destruction, including: (a) a description of the document, including the date, a summary of its contents, and the identity of its author and the individual(s) to whom it was sent or shown; (b) the last known custodian; (c) whether the document is missing or lost or was destroyed or discarded; (d) the date of loss, destruction, or discard; (e) the manner of loss, destruction, or discard; (f) the reason(s) for loss, destruction, or discard; (g) the individual(s) authorizing or carrying out such destruction or discard; and (h) the efforts made to locate lost or misplaced documents. If after exercising due diligence to secure them, you cannot provide some or any of the requested documents, you shall so state and provide all documents to the extent possible, specifying the reason for your inability to produce the remainder of the documents, and stating whatever information or knowledge you have concerning each document not produced.

19.     If any of the following Requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying

4

your inability to answer the remainder, and state whatever information you have concerning unanswered portions.  If your answer is qualified in any particular, please set forth the details of such qualifications.  If you object to any part of any Request and refuse to answer that part, state your objection, identify the part to which you are objecting, and answer the remaining portion of the Request.

20.     Under Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories in this Request. Accordingly, whenever a document is removed from a file folder, file drawer, file box, or notebook, before the same is produced, you are requested to attach thereto a copy of the label and file folder, file drawer, file box, or notebook from which the document was removed.

### DEFINITIONS

1.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.     The term "Complaint" means the Complaint and Demand for Jury Trial filed by Plaintiff in the above-captioned case on September 16, 2022 (ECF No. 1).

3.     "Juice" means Juice Creative Group, LLC, and all directors, officers, owners, members, representatives, employees, agents, consultants, and accountants, when applicable.

4.     "UG" means UncommonGood, Inc., and all directors, officers, owners, members, representatives, employees, agents, consultants, and accountants, when applicable.

5.     The "Board" means UG's Board of Directors, and each individual director, when applicable.

6.     "Website" or "Web-Based Application" means uncommongood.io,

uncommongooddev.com, uncommongoodstaging.com, uncommongooddemo.com, and uncommongoodqa.com; and the web-based applications related thereto.

7.      The terms "among" and "between" shall be construed as "among or between" as the context requires, so that each request shall be construed broadly, rather than narrowly, to bring within the scope of each request all responses that might otherwise be construed to be outside its scope.

8.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). This includes every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by document, and whether face to face or by telephone, mail, facsimile, e-mail, video, text message, instant message, Slack messaging, Internet communication, or otherwise.

10.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11.     The terms "concerning," "referring," "reflecting," or "relating" or any conjugation thereof, shall be considered in their broadest sense and shall mean all documents that comprise, evidence, explicitly or implicitly describe, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including all documents that reflect, record, memorialize, discuss, construe, disclose, detail, mention, set forth, evaluate, consider, bear on, comment upon, support, contradict, negate, refute, arise from, review, report on, or pertain to the subject matter of the request, directly or indirectly, either in whole or in part.

12.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), which includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate document within the meaning of this term. A request for production of 'documents' shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting party.

13.     The term "draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not it was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document.

14.     When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

15.     When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

16.     The term "including" shall be construed as "including, without limitation" or "including, but not limited to," so that each request shall be construed broadly, rather than

narrowly, to bring within the scope of each request all responses that might otherwise be construed to be outside its scope.

17.     The term "Person" shall mean any natural person or any legal entity, including, without limitation, any business (whether or not incorporated), governmental entity, association.

18.     The term "record" includes any physical or electronically stored information of any type or description stored in any medium from which information can be obtained either directly or after conversion into a reasonably usable form including, by way of illustration and not by way of limitation, the following items regardless of origin or location: videos, photos, memes, gifs, text messages, direct messages, instant messages, call histories, voicemails, tweets, social media and other online posts or metrics, data stored in web-based accounts, applications, and platforms (including without limitation event and/or ticketing platforms), branding matter, calendar entries, advertisements, blog posts, bulletins, articles, press releases, notes including notes from meetings or conferences, diaries, cash transfers, wire transfers, accounts, vouchers, charts, graphs, tables, analyses, data compilations or any other information, including originals, translations, and drafts thereof and all non-identical copies.

19.     The term "sufficient" means adequate to demonstrate the broadest possible scope of information sought by a particular request.

20.     The term "third party" refers to any person other than Plaintiff or Defendant.

21.     The use of the singular form of any word includes the plural and vice versa.

22.     The past tense shall be construed to include the present tense, and vice versa, to make each Request inclusive rather than exclusive.

23.     All pronouns shall apply to the male, female, and neutral genders.

8

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications and records related to any contract between Juice and UG, whether verbal or written, whether actual contracts or simply written or verbal descriptions of arrangements Carolyn Driscoll purported UG to have with Juice.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and records concerning Juice or Juice's work for UG or Juice's work on the Website or Web-Based Application, including but not limited to the quality of Juice's work, the cost of Juice's work, any authorizations for, or payments to Juice by UG in respect of Juice's work for UG.

**REQUEST FOR PRODUCTION NO. 3:**

All documents from Board meetings between January 2020 and present, including but not limited to, board package documents, agendas, meeting minutes, resolutions, financial statements, and financial projections.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, communications or records concerning the demo server presentation to the Board given by Carolyn Driscoll in or around September 2021.


Dated:  March 8, 2023
         New York, New York

                                        KIRSCH & NIEHAUS, PLLC


                                        */s/ Emily B. Kirsch*
                                        Emily B. Kirsch (admitted *pro hac vice*)
                                        Craig S. Tarasoff (admitted *pro hac vice*)
                                        950 Third Avenue, Suite 1900
                                        New York, New York  10022
                                        (646) 415-7530
                                        emily.kirsch@kirschniehaus.com
                                        craig.tarasoff@kirschniehaus.com

                                        -and-

                                        Joseph J. Cherico
                                        McCarter & English, LLP
                                        One Canterbury Green

201 Broad Street
Stamford, CT 06901
(203) 399-5900
jcherico@mccarter.com

*Attorneys for Plaintiff*
*Juice Creative Group, LLC*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Connecticut

| | |
|---|---|
| Juice Creative Group, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    3:22-cv-01175-JCH |
| UncommonGood, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
               Marc Jaffe
        Childrens Learning Centers of Fairfield County
        Palmers Hill Child Development Center
        64 Palmers Hill Road
        Stamford, CT 06902   *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:   Kirsch & Niehaus, PLLC<br>        950 Third Avenue, Suite 1900<br>        New York, NY 10022   [via remote videoconference] | Date and Time:<br><br>        04/19/2023 9:00 am |
|---|---|

      The deposition will be recorded by this method:    Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See Schedule A

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/08/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Emily B. Kirsch<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
 Juice Creative Group, LLC
, who issues or requests this subpoena, are:
Emily B. Kirsch | Kirsch & Niehaus, PLLC | 950 Third Avenue, Suite 1900, New York, NY 10022 |
emily.kirsch@kirschniehaus.com | (646) 415-7530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:22-cv-01175-JCH

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Connecticut

| | |
|---|---|
| Juice Creative Group, LLC | ) |
| *Plaintiff* | ) |
| v. | )      Civil Action No.   3:22-cv-01175-JCH |
| UncommonGood, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                 Greg Gilbert
                 Agilic Capital LLC
                 2 Greenwich Office Park, Suite 300
                 Greenwich, CT 06831-5155
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Kirsch & Niehaus, PLLC<br>         950 Third Avenue, Suite 1900<br>         New York, NY 10022   [via remote videoconference] | Date and Time:<br><br>       04/24/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/08/2023

           *CLERK OF COURT*

                                      OR

| | |
|---|---|
| | /s/ Emily B. Kirsch |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Juice Creative Group, LLC
                                               , who issues or requests this subpoena, are:
Emily B. Kirsch | Kirsch & Niehaus, PLLC | 950 Third Avenue, Suite 1900, New York, NY 10022 |
emily.kirsch@kirschniehaus.com | (646) 415-7530

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:22-cv-01175-JCH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

1.      Any objections to the production of documents requested herein shall be made in writing and delivered to the office of Kirsch & Niehaus, PLLC, 950 Third Avenue, Suite 1900, New York, NY 10022, on or before March 29, 2023.

2.      Unless otherwise stated with respect to a specific Request, these Requests seek Documents from the time frame January 1, 2020 to the present.

3.      For the purpose of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation.

4.      These requests are continuing in nature. If, after serving your responses to these Requests, you obtain or become aware of any further documents or things responsive to these requests, you are under a duty pursuant to Federal Rule of Civil Procedure 26(e) to produce such additional documents and things and to supplement or correct all responses to these requests to include such information, even if your responses were correct when first provided. Objection will be made to the introduction at trial or in other proceedings of any document not properly produced pursuant to these Requests.

5.      You are required to search for and produce all documents responsive to these requests that are in your possession, custody, or control, directly or indirectly, that were authored, compiled, drafted, generated, possessed, prepared, read, received, recorded, referred to, reviewed, sent to or by, transmitted to or by, utilized, or written to or by you or on your behalf regardless of their location and regardless of whether such documents are held by agents, including present or former trustees, employees, attorneys, consultants, investigators, accountants, or partners acting on your behalf or in concert with you.

6.      A document is deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part, (b) have a right, by contract, statute, or otherwise to use, inspect, examine, or copy such document on any terms, (c) have an understanding, express or implied, that you may use, inspect examine or copy such document on any terms, or (d) have as a practical matter, been able to use, inspect, examine or copy such document when you sought to do so.

7.   In answering these Requests, you are required to furnish all information available to you or subject to reasonable inquiry by you, including information in possession of you, your attorneys, or other persons directly or indirectly employed by, or connected with you or your attorneys, or anyone else otherwise subject to your control.

8.      Each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments having been added to one copy of a document but not appearing on the original, or by reason of material attached to a copy but not to the original).

9.       All requests for agreements or contracts shall be interpreted to include a request for all versions, amendments, supplements, exhibits, attachments, or any other documents that affect the terms of such agreements or contracts or are necessary to fully interpret such agreements or contracts.

10.     Each document is to be produced in its entirety, without abbreviation or limitation. If any document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document and stating whatever information, knowledge, or belief that you have concerning the portion not produced.

2

11.     Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation.

12.     If you cannot provide a full and complete response to any request, respond to the request to the extent possible and specify the portion of the request you are unable to answer and the reasons for your inability to answer or respond in full. If you have no documents responsive to a particular request, so state.

13.     If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document and stating whatever information, knowledge, or belief that you have concerning the portion not produced.

14.     With respect to any documents electronically stored, including e-mail, you shall provide a hard copy printout of the document or an electronic copy of the document in the form that it is ordinarily maintained, so long as it is in a form that is reasonably usable, which includes identifying where each document begins and ends and identifying any attachments to each document.

15.     If a refusal to answer a Request is stated on the grounds that it is an undue burden, identify the number and nature of documents needed to be searched, the location of the documents, the number of person hours and amount of costs required to conduct the search.

16.     If any information called for by a Request herein is withheld because you claim that information is contained in a privileged document and/or communication, for such written document or communication, state:

(a)     Its date and type (e.g., letter or memorandum);

(b)     Its author;

(c)     To whom addressed;

3

(d)     All copied addresses;

(e)     All other persons who have received, copies or otherwise have been permitted to see all or a part of the original or any copy thereof;

(f)     The description of each subject matter discussed, described or referred to therein;

(g)     The specific reason why you claim it is privileged; and

(h)     The name of its present custodian.

17.     If a document contains both privileged and non-privileged material, you shall disclose the non-privileged material to the fullest extent possible. If a privilege is asserted with regard to part of the material contained in a document, you shall clearly indicate the portions for which the privilege is claimed.

18.     If any document responsive to these requests is known to have existed and cannot now be located, or has been destroyed or discarded, you shall set forth a complete statement of the circumstances surrounding such loss or destruction, including: (a) a description of the document, including the date, a summary of its contents, and the identity of its author and the individual(s) to whom it was sent or shown; (b) the last known custodian; (c) whether the document is missing or lost or was destroyed or discarded; (d) the date of loss, destruction, or discard; (e) the manner of loss, destruction, or discard; (f) the reason(s) for loss, destruction, or discard; (g) the individual(s) authorizing or carrying out such destruction or discard; and (h) the efforts made to locate lost or misplaced documents. If after exercising due diligence to secure them, you cannot provide some or any of the requested documents, you shall so state and provide all documents to the extent possible, specifying the reason for your inability to produce the remainder of the documents, and stating whatever information or knowledge you have concerning each document not produced.

19.     If any of the following Requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying

your inability to answer the remainder, and state whatever information you have concerning unanswered portions.  If your answer is qualified in any particular, please set forth the details of such qualifications.  If you object to any part of any Request and refuse to answer that part, state your objection, identify the part to which you are objecting, and answer the remaining portion of the Request.

20.     Under Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories in this Request. Accordingly, whenever a document is removed from a file folder, file drawer, file box, or notebook, before the same is produced, you are requested to attach thereto a copy of the label and file folder, file drawer, file box, or notebook from which the document was removed.

## DEFINITIONS

1.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.     The term "Complaint" means the Complaint and Demand for Jury Trial filed by Plaintiff in the above-captioned case on September 16, 2022 (ECF No. 1).

3.     "Juice" means Juice Creative Group, LLC, and all directors, officers, owners, members, representatives, employees, agents, consultants, and accountants, when applicable.

4.     "UG" means UncommonGood, Inc., and all directors, officers, owners, members, representatives, employees, agents, consultants, and accountants, when applicable.

5.     The "Board" means UG's Board of Directors, and each individual director, when applicable.

6.     "Website" or "Web-Based Application" means uncommongood.io,

uncommongooddev.com, uncommongoodstaging.com, uncommongooddemo.com, and uncommongoodqa.com; and the web-based applications related thereto.

7.      The terms "among" and "between" shall be construed as "among or between" as the context requires, so that each request shall be construed broadly, rather than narrowly, to bring within the scope of each request all responses that might otherwise be construed to be outside its scope.

8.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). This includes every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by document, and whether face to face or by telephone, mail, facsimile, e-mail, video, text message, instant message, Slack messaging, Internet communication, or otherwise.

10.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

11.     The terms "concerning," "referring," "reflecting," or "relating" or any conjugation thereof, shall be considered in their broadest sense and shall mean all documents that comprise, evidence, explicitly or implicitly describe, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including all documents that reflect, record, memorialize, discuss, construe, disclose, detail, mention, set forth, evaluate, consider, bear on, comment upon, support, contradict, negate, refute, arise from, review, report on, or pertain to the subject matter of the request, directly or indirectly, either in whole or in part.

12.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), which includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate document within the meaning of this term. A request for production of 'documents' shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting party.

13.     The term "draft" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not it was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document.

14.     When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

15.     When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

16.     The term "including" shall be construed as "including, without limitation" or "including, but not limited to," so that each request shall be construed broadly, rather than

7

narrowly, to bring within the scope of each request all responses that might otherwise be construed to be outside its scope.

17.     The term "Person" shall mean any natural person or any legal entity, including, without limitation, any business (whether or not incorporated), governmental entity, association.

18.     The term "record" includes any physical or electronically stored information of any type or description stored in any medium from which information can be obtained either directly or after conversion into a reasonably usable form including, by way of illustration and not by way of limitation, the following items regardless of origin or location: videos, photos, memes, gifs, text messages, direct messages, instant messages, call histories, voicemails, tweets, social media and other online posts or metrics, data stored in web-based accounts, applications, and platforms (including without limitation event and/or ticketing platforms), branding matter, calendar entries, advertisements, blog posts, bulletins, articles, press releases, notes including notes from meetings or conferences, diaries, cash transfers, wire transfers, accounts, vouchers, charts, graphs, tables, analyses, data compilations or any other information, including originals, translations, and drafts thereof and all non-identical copies.

19.     The term "sufficient" means adequate to demonstrate the broadest possible scope of information sought by a particular request.

20.     The term "third party" refers to any person other than Plaintiff or Defendant.

21.     The use of the singular form of any word includes the plural and vice versa.

22.     The past tense shall be construed to include the present tense, and vice versa, to make each Request inclusive rather than exclusive.

23.     All pronouns shall apply to the male, female, and neutral genders.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents, communications and records related to any contract between Juice and UG, whether verbal or written, whether actual contracts or simply written or verbal descriptions of arrangements Carolyn Driscoll purported UG to have with Juice.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, communications, and records concerning Juice or Juice's work for UG or Juice's work on the Website or Web-Based Application, including but not limited to the quality of Juice's work, the cost of Juice's work, any authorizations for, or payments to Juice by UG in respect of Juice's work for UG.

**REQUEST FOR PRODUCTION NO. 3:**

All documents from Board meetings between January 2020 and present, including but not limited to, board package documents, agendas, meeting minutes, resolutions, financial statements, and financial projections.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, communications or records concerning the demo server presentation to the Board given by Carolyn Driscoll in or around September 2021.


Dated:  March 8, 2023
        New York, New York

                                        KIRSCH & NIEHAUS, PLLC


                                        */s/ Emily B. Kirsch*
                                        Emily B. Kirsch (admitted *pro hac vice*)
                                        Craig S. Tarasoff (admitted *pro hac vice*)
                                        950 Third Avenue, Suite 1900
                                        New York, New York  10022
                                        (646) 415-7530
                                        emily.kirsch@kirschniehaus.com
                                        craig.tarasoff@kirschniehaus.com

                                        -and-

                                        Joseph J. Cherico
                                        McCarter & English, LLP
                                        One Canterbury Green

9

201 Broad Street
Stamford, CT 06901
(203) 399-5900
jcherico@mccarter.com

*Attorneys for Plaintiff*
*Juice Creative Group, LLC*