# EXHIBIT B



EMILY B. KIRSCH
950 THIRD AVENUE, SUITE 1900
NEW YORK, NY 10022
O: (212) 832-0170
M: (917) 744-2888
emily.kirsch@kirschniehaus.com

KIRSCHNIEHAUS.COM

March 1, 2023

By E-Mail (SDreier@PhillipsNizer.com)
Spencer Dreier
Phillips Nizer LLP
485 Lexington Avenue, 14th Floor
New York, NY 10017

Re:   Juice Creative Group v. UncommonGood, Inc.; Request to Meet and Confer

Dear Spencer:

I write regarding Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories (the "Interrogatory Responses"), and Defendant's Answers and Objections to Plaintiff's First Set of Requests for the Production of Documents and Things ("Document Responses"), both served on January 23, 2023, and the documents produced on February 3, 2023 (the "UG Production"). The Interrogatory Responses, Document Responses, and UG Production all contain material deficiencies that must be cured. In addition to meeting and conferring about the specific deficiencies, I will also seek to know what steps UG took to make this production, including knowing which document custodians' materials were searched for responsive materials.

I have set forth UG's discovery deficiencies in detail below and propose that we meet and confer no later than Monday, March 6, 2023, to discuss curing the below deficiencies.

**Deficiencies in Defendant's Document Responses and the UG Production**

**General Deficiencies**.

*First,* please confirm whether UG is producing all non-privileged responsive documents in its possession or control, or whether it is withholding documents or categories of documents based on its other, non-privilege-based objections as certain of UG's responses appear to suggest. If the latter, please identify precisely what documents or categories of documents are withheld and why. If you are unable to produce documents because you cannot understand any requests as a result of a vagueness or similar objection, please identify precisely which terms are vague, overbroad or otherwise unclear and we will happily meet and confer and endeavor to clarify as needed.

*Second,* please also confirm whether UG considers this document production complete or whether we can expect an additional installment.

**KIRSCH & NIEHAUS**

*Third,* as noted, there are very few (or no) documents that appear to originate from custodians other than Ms. Driscoll or yourself. Your initial disclosures and Interrogatory responses list half a dozen personnel who performed work on behalf of UG in connection with the Juice relationship and in particular, on the technical side of working on the Juice created source code pre- and post-transfer, yet almost no communications to, from, or among those individuals can be found in the production. Please confirm in writing what custodians' files were searched for responsive documents and whether any additional custodians will be searched.

*Fourth,* we note that there is very little, if any, internal communications by and among those working on behalf of UG. To be clear, we seek internal as well as external documents. We find it incredible that we have reached this point of litigating two matters simultaneously regarding Juice's source code and the UG/Juice relationship and no UG representative ever had any internal discussion about the situation – not a single email or text.

*Fifth,* you have produced no privilege log. Please advise when you plan to submit the privilege log or whether you have withheld no responsive documents under claim of privilege.

**Specific Deficiencies**

**Requests Nos. 3 and 6**. These requests seek documents that would lead to discovery of admissible evidence that tends to prove or disprove Juice's claims that UG only sought to terminate its relationship with Juice for its own financial gain, to the detriment of Juice, and embarked on a fraudulent endeavor to obtain the valuable source without paying its value. Juice is entitled to see the statements UG made to third parties about the work that it claims in court is of little value. Further, to the extent that Juice prevails and seeks disgorgement of UG's profits from the infringed source code, the requested documents will provide valuable evidence as to how much, if not entirely, UG's revenues are attributable to the infringed source code.

**Requests No. 7 and 8**. You have refused to produce any documents responsive to these requests which seek basic financial information that is unquestionably relevant to Juice's damages claims for the value of the infringed source code and UG's income derived therefrom. With respect to tax returns, we are happy to meet and confer to discuss reasonable confidentiality concerns. However, there is no basis to withhold audited and unaudited financial statements and models and projections for income derived from the Web-Based Application.

**Requests No. 9 and 17.** Though UG's responses state that it will produce non-privileged documents responsive to these requests, we have seen almost no e-mails or internal communications by and among the UG personnel (be they employees or independent contractors) named in UG's Initial Disclosures and Interrogatory Responses regarding the View Access Period or the March transfer (save for one or two emails from Sarah Grimm). These documents are central and critical to Juice's claim of fraud in that such communications, among many others, will evidence what UG believed, or did not believe, would be transferred in March 2022. Please produce the remainder of these internal and external communications promptly.

**Request No. 10.** This request seeks all records of any communications by, with, or among the Board of UG regarding Juice, UG's alleged overpayment to Juice or UG's decision to terminate and manner of termination of the Juice relationship. We take UG's statement that no responsive documents exist to mean that at no time was there any communication with the Board of UG

regarding any of the issues that form the basis of this lawsuit. If we are incorrect, please clarify your responses.

**Request No. 12.** This request seeks "[a]ll documents, communications, and records concerning UG's exploitation, use, copying, downloading, uploading, alteration, modification, or development of any of the source code developed by Juice for UG." In response, UG states that "all non-privileged responsive documents will be produced." Juice's review of the UG production has not found any documents responsive to Request No. 12. It is not credible that no responsive documents exist because UG has gone live with its site and is actively maintaining it on a daily basis. To the extent that UG has not made a full production of responsive documents, Juice demands that UG immediately supplement its production.

**Request No. 16.** This request seeks additional slack channels that existed between UG representatives and Juice representatives beyond the two slack channels that you produced. Please produce the remaining slack channels requested. To the extent they no longer exist, please provide the information requested in the Requests, which are consistent with the Federal Rules of Civil Procedure, explaining when, how and why they ceased to exist. Please clarify your response that seems to suggest UG no "longer has access" to certain slack channels.

**Deficiencies in Defendant's Interrogatory Responses**

**General Deficiencies:** The Interrogatory Responses provide names of individuals without sufficient information to identify the person. Under Rule 26(c)(3) of the Local Rules of Civil Procedure for the United States District Court, District of Connecticut, to "Identify (With Respect to Persons)" requires a party to "provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." This directive is reiterated in Definition 21 of Plaintiff's First Set of Interrogatories (the "Interrogatories"). Plaintiff hereby demands that Defendant submit amended verified responses to the Interrogatories to cure this deficiency with respect to, but not limited to, Interrogatory Response Nos. 1, 2, 3, 4, 6, and 7.

**Interrogatory No. 4.** In addition to failing to fully identify the individuals who have worked on the proprietary, copyrighted source code created by Juice, UG's response to Interrogatory No. 4 is deficient in that UG has failed to describe the exploitation, use, copying, downloading, uploading, alteration, modification, or development of that source code. This information is highly relevant to the scope of infringement and the damage suffered by Juice should it prevail in showing that it is the rightful owner of the copyright in the source code it built.

**Interrogatory No. 6.** In addition to failing to fully identify the UG individuals who were involved with the review of the documents, information and source code during the View Access Period and during and after transfer in March, UG has failed to describe in detail who reviewed what and how long the review took. This information is highly relevant to UG's anticipated defense that it expected the Four Features to be delivered with the transfer and/or that it was surprised to discover that the Four Features were missing.

3

**KIRSCH & NIEHAUS**

**Interrogatory No. 7.** This Interrogatory asks UG to identify each client, potential client, investor or potential investor with whom UG discussed Juice, or the development of its Website or Web-Based Application including the statements about the ownership or revenues expected to be generated from the Website or Web-Based Application. UG's response deficiently names no client, potential clients, investors or potential investors, but only one lawyer (and there is no privilege log attached to either the Interrogatories or the Document Production). This information is highly relevant and likely to lead the discovery of admissible evidence regarding what UG believed or knew about the ownership of and the quality of the work product prior to the Transfer Agreement (and UG's motivation to defraud Juice into transferring the source code) at or below cost.

**Interrogatory No. 8**.  UG's response is insufficient as it does not provide any responsive information, but only references "responsive documents" that will be produced "in response to Request No. 13 of Plaintiff's First Set of Request[s] for Production of Documents and Things." This response lacks the specificity required under Rule 33(d), which requires Defendant to "specify[] the records that must be reviewed, in sufficient detail to enable to interrogating party to locate and identify them as readily as the responding party could." If Defendant's position is that such responsive documents provide information responsive to Interrogatory No. 8, it is Defendant's responsibility to point to specific Bates Nos., which it has not done. As a result, UG has not met its obligations under the Federal Rules of Civil Procedure.

We hope to meet and confer at your earliest convenience, preferably by Friday of this week. Please advise your availability.

Very truly yours,

KIRSCH & NIEHAUS, PLLC

*/s/ Emily B. Kirsch*

Emily B. Kirsch



EMILY B. KIRSCH
950 THIRD AVENUE, SUITE 1900
NEW YORK, NY 10022
O: (212) 832-0170
M: (917) 744-2888
emily.kirsch@kirschniehaus.com

KIRSCHNIEHAUS.COM

March 26, 2023

By E-Mail (SDreier@PhillipsNizer.com)
Spencer Dreier
Phillips Nizer LLP
485 Lexington Avenue, 14th Floor
New York, NY 10017

Re:   Juice Creative Group v. UncommonGood, Inc.; Request to Meet and Confer

Dear Spencer:

I write once again regarding Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories (the "Interrogatory Responses"), and Defendant's Answers and Objections to Plaintiff's First Set of Requests for the Production of Documents and Things ("Document Responses"), both served on January 23, 2023, and the documents produced on February 3, 2023 (the "UG Production"). This letter follows up on my March 1, 2023 deficiency letter to you, our March 10, 2023 meet and confer and my March 14, 2023 email to you confirming our understandings. We are concerned not only that UG's discovery responses are woefully inadequate, but also that UG has been uncooperative and engaged only in delay tactics throughout the process.

In your March 9, 2023 letter, you indicated that UG's Production was complete. Your letter stated and you confirmed in the March 10, 2023 meet and confer that you would follow up with the Company to see if there were any other documents still to be produced, and if so, you would produce them. You also told me that you had a personal vacation during the week of March 13 so you that you would address these issues the week of your return (March 20) and get back to me by March 23. I have heard nothing from you this past week.

Our main grievance which permeates your production is that no internal documents (ie, emails, texts, slack channels or other communications) by and among UG employees, contractors or directors have been produced. Though you objected that Juice owns and controls all relevant slack channels, you are mistaken. #ug-transfer in UG Workspace, the slack channel used for the View Access period as well as the actual transfer is owned and controlled by UG and you have failed to produce it. This is particularly troublesome given UG's statement in its Opposition to Juice's Motion to Strike that UG had "difficulty in understanding from the brief (two-week) View Week Access Period just what Juice would or would not be transferring to UG…." It us surprising that

**KIRSCH &
NIEHAUS**

you would make such a statement to the Court if you were not aware of one single, document, note, text or email addressing the View Access Period. It is in any event, less than credible that UG has no internal documents relating to this matter. We also renew our requests for the financial information requested (financial statements in particular) as those documents are obviously directly relevant to our damages claims. You have no rational objection to providing them.

You also promised to provide the privilege log this past week. We consider this vital to the discovery process insofar as counsel played such a dominant role in the business negotiations of the Transfer Agreement (and other matters leading up to it). Our document requests were issued on December 1, your production made February 3, we have inquired twice about it, and now, entering the month of April, we still have no log and no idea whether or when you will produce it.

We are also concerned that the simple requests for "identifications" in our interrogatories (including addresses and titles) has still not been addressed.

Finally, though you object that we have no right to inquire as to what steps you took to search for documents, what custodians you searched and how you did so, we believe you are mistaken. We assured the Judge in our Rule 26 F Report that we were cooperating with these e-discovery methods. Your refusal to engage in a cooperative discussion with me is contrary to those representations. Because you will not discuss your key words or custodians with me, and because your production is so obviously lacking in internal, UG documents, we have no choice but to move the Court for an order compelling a proper production. We reserve all rights.

Very truly yours,

*/s/ Emily B. Kirsch*

Emily B. Kirsch



EMILY B. KIRSCH
950 THIRD AVENUE, SUITE 1900
NEW YORK, NY 10022
O: (212) 832-0170
M: (917) 744-2888
emily.kirsch@kirschniehaus.com

KIRSCHNIEHAUS.COM

March 28, 2023

By Email (SDreier@PhillipsNizer.com)
Spencer Dreier
Phillips Nizer LLP
485 Lexington Avenue, 14th Floor
New York, New York 10017

      Re:    *Juice Creative Group, LLC v. UncommonGood, Inc.*; Case No. 3:22-cv-01175-JCH
             Non-Compliance with Subpoenas

Dear Spencer:

    I write to follow up on our emails of March 10, March 12, and March 13, whereby I served upon you, and you agreed to accept service of, subpoenas on UncommonGood, Inc. ("UG") board members Greg Gilbert, Marc Jaffe, and Robert Getz. The subpoenas demanded the production of documents by March 29, 2023, and require the deposition testimony of the witnesses at the dates set forth therein.

    Federal Rule of Civil Procedure 45(d) requires any written objections to the subpoena to be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." You were served with the subpoenas on March 10, 2023, and stated that you were authorized to accept service of process of the subpoenas on March 13, 2023. Accordingly, the deadline for the witnesses to object to the subpoenas was no later than yesterday, March 27, 2023. As of today, we have not received any written objections or correspondence from you on behalf of the subpoenaed witnesses. Please confirm that full document productions on behalf of all three will be made on March 29.

    Further, my letter to you dated March 26, 2023 outlines UG's significant discovery deficiencies that remain uncured despite a detailed deficiency letter and my best efforts to meet and confer and follow up. UG's most egregious discovery deficiencies include, but are not limited to, UG's failure to produce a privilege log, internal email and Slack communications, and financial records. If UG's and the subpoenaed witnesses' deficiencies are not cured by the end of the day today, we will be forced to move the Court for an Order compelling UG to comply with its discovery obligations.

    Juice reserves all rights.

                                                                            Very truly yours,

                                                                         */s/ Emily B. Kirsch*

                                                                         Emily B. Kirsch