# EXHIBIT C

## PHILLIPS NIZER LLP

485 Lexington Avenue, 14th Floor
New York, New York 10017
_____

DIRECT DIAL: 212.841.1344

**Spencer Dreier**
sdreier@phillipsnizer.com

March 9, 2023

Via Email (emily.kirsch@kirschniehaus.com)

Emily Kirsch
Kirsch & Niehaus
950 Third Avenue, Suite 1900
New York, New York 10022

Re: **Juice Creative Group Interrogatories and Document Production Letter**

Dear Emily:

This is in response to your March 1 letter in anticipation of our meet and confer.

**Document Responses and Production**

**Generally**

I do not believe, as you suggest, that UG is now obligated to describe for you the "steps UG took to make this production." If you have authority to the contrary, please provide it.

I do not believe, as you suggest, that UG is now obligated to "identify precisely what [non-privileged] documents or categories of documents [were] withheld and why," beyond the explanations and objections set forth in its Responses and in this letter. If you have authority to the contrary, please provide it.

I do not believe, as you suggest, that UG was or is now obligated to "identify precisely which terms [in Juice's Requests] are vague [or] overbroad." If you have authority to the contrary, please provide it. Nevertheless, in addressing "Specifically" the Requests below which were objected to on that basis, UG elaborates on the reasons for those objections.

UG considers its document production complete as of this time, subject to its obligation to supplement as specified in Rule 26(e), including its obligation to provide documents related to expert witnesses (regarding your Request No. 19) and trial exhibits (regarding your Request No. 21) in due course. Notwithstanding the foregoing, pursuant to the request in your letter, I will undertake to confirm that all files of all persons believed to have custody of any documents called for have been searched in connection with UG's Responses and will notify you promptly if any additional files are identified and, if so, whether and when additional documents will be produced.

Emily Kirsch, Esq.
Page 2

Lastly, pursuant to your request, I will provide you with a privilege log shortly.

**Specifically**

UG made clear in its Responses that, in the case of certain Requests, it was producing all non-privileged documents, and in the case of other Requests, in addition to privileged documents, it was withholding some non-privileged documents that were the subject of specified objections. Nevertheless, to avoid any doubt, this shall confirm that:

(a)      **Requests Nos. 1, 5, 13, 15, 16 and 17**: UG intended to produce, and I believe it has produced, all non-privileged documents called for by these requests.  As to Requests Nos. 16 and 17, in particular, you have indicated that you believe there are additional responsive "communications" besides those that were produced. That is not my understanding, but I will check again to see if that is the case and will provide any additional "communications" (as defined in the Local Rules) that may be found "concerning" the subject matter (as defined in the Local Rules). With respect to Response No. 16, insofar as you believe there may be more Slack communications than you received, that may be because, as I understand it, certain of the Slack channels were terminated by Juice, leaving UG without access.

(b)      **Requests No. 2 and 4**: UG objected to these Requests based on the vagueness and inaccuracy of the Requests.  In particular, as stated in its Responses, UG does not accept your definitions of the terms in Request No. 2, does not accept your definition of the Four Features in Request No. 4 and does not accept your definitions of "communications" or "concerning," insofar as they differ from those in the Federal Rules and Local Rules.  Nevertheless, UG produced all responsive, non-privileged documents that it reasonably construed as having been requested and that were reasonably deemed to be within the permissible scope of discovery under Rule 26(b).

(c)      **Requests Nos. 3 and 6**: I do not agree that they seek relevant information as defined in Rule 26(b). The Requests are not likely to lead to the discovery of admissible evidence, are unduly burdensome and invasive and are, at best, premature.  These Requests are also predicated on definitions of "communications" and "concerning" that are contrary to the definitions in the Local Rules.  Accordingly, as stated in its Response, UG has declined to produce any documents called for in Requests Nos. 3 and 6, except insofar as any responsive documents may be covered by other Requests and included among the documents produced in response thereto.

(d)      **Requests Nos. 7 and 8**: I do not agree that these Requests seek relevant information as defined in Rule 26(b). As indicated in the Responses, these Requests are meant only to be oppressive and unduly invasive. Also, Request No. 7 calls for "communications" "concerning" the subject matter that are broader than the definitions in the Local Rules. Accordingly, UG has produced no documents in response to these Requests and remains unwilling to do so absent court order.

(e)      **Request No. 9**: UG indicated in its Response that it objects to the definition of the "View Access Period" as inaccurate.  It also objected to the vagueness and impermissible scope of your definitions of "communications" and "concerning" as contrary to the Local Rules. Nevertheless, as stated in its Response, UG produced all non-privileged responsive documents that

Emily Kirsch, Esq.
Page 3

it reasonably construed as having been requested and that were reasonably deemed to be within the permissible scope of Rule 26(b). I believe that production was complete, subject to that qualification. Pursuant to your request, however, I will undertake to confirm that, and, if additional responsive documents (within those limitations) are located, they will be produced.

(f)     **Request No. 10**: UG objected in its Response to your definitions of the "Website" and "Web-Based Application." UG also objected to the Request as overly broad (based on your definitions of "concerning" and "related"). Nevertheless, UG stated in its Response that there are no responsive documents under any reasonable interpretation and scope of the Request. I do not believe that UG needs to either endorse or reject your characterization of the production, as you request in your letter (particularly in light of your definition of "communications" and your failure to define the term "regarding" or "the issues that form the basis of this lawsuit"). If you have authority to the contrary, please provide it.

(g)     **Request No. 12**: UG again objected to the Request as "overly broad, unduly burdensome and impermissibly vague" based on your definitions of "communications" and "concerning" (for the reasons stated above) and the excessive scope of the Request, beyond that permitted under Rule 26(b). Nevertheless, as further stated in UG's Response, UG produced all non-privileged responsive documents subject to those objections (i.e., pursuant to a reasonable interpretation and reasonable scope of the Request). I do not believe that UG needs to either endorse or reject your conclusion that none of the documents produced were "responsive." I will, however, seek confirmation that there are no additional responsive documents, and, in the event additional documents are identified, they will be produced.

I believe the foregoing addresses all of your contentions as to purported "general deficiencies" and "specific deficiencies" in UG's Responses to Juice's Requests for the Production of Documents and UG's related production.

## UG's Interrogatory Responses

### General

UG will supplement its Responses to provide the present (or last known) address and the present (or last known) place of employment for all persons identified in UG's Responses.

### Specific

(a)     **Interrogatory No. 4**: UG has identified the persons who have had access to or worked on the source code but objects, for the reasons stated in the Response, to providing the additional and very extensive information requested. The Interrogatory is at best premature, and the burden it imposes on UG far outweighs its likely usefulness. As such, the Interrogatory is beyond the scope of Rule 26(b), and, absent court order, UG does not presently intend to provide the additional information requested, at least not to the extent requested.

(b)     **Interrogatory No. 6**: Contrary to your assertion, UG has identified in its Response the UG individuals involved in the review of information provided for "view access." UG,

Emily Kirsch, Esq.
Page 4

however, has stated its objections to the balance of the Interrogatory and maintains that the extent of the information requested is beyond the scope of Rule 26(b) and UG's obligations thereunder. UG will make available for deposition all persons with relevant information, who are expected to respond at that time to properly framed questions consistent with their obligations under Rules 26 and 30.

(c) **Interrogatory No. 7**: UG's Response is sufficient, by reason of the objections stated in its Response.  I do not agree with your assertion that any of the information that has not been provided is "highly relevant" or even at all relevant under the criteria set forth in Rule 26(b). This Interrogatory is intended only to harass UG and, absent court order, UG does not presently intend to provide the additional information requested, at least not to the extent requested.

(d) **Interrogatory No. 8**: UG's Response is sufficient, by reason of the objections stated in its Response. Your definitions of "identify," "communications" and "concerning" are overly broad and beyond the scope of Rules 26 and 33. UG has produced various documents that address the subject matter of this Interrogatory. UG will supplement its production to identify those documents.

Hopefully, the foregoing will facilitate our meet and confer.  If you wish to have more time to consider the foregoing, please let me know, and we can push the meet and confer back to later on Friday or Monday morning.

Very truly yours,

Spencer Dreier

**PHILLIPS NIZER** LLP

485 Lexington Avenue, 14th Floor
New York, New York 10017

_____

DIRECT DIAL: 212.841.1344

**Spencer Dreier**
sdreier@phillipsnizer.com

March 29, 2023

Via Email (emily.kirsch@kirschniehaus.com)

Emily Kirsch
Kirsch & Niehaus
950 Third Avenue, Suite 1900
New York, New York 10022

Dear Emily:

This is in response to your letters dated March 26 and 28. Your letters are filled with inaccuracies, but it serves little purpose to address each of them other than to remind you that after our Meet and Confer on March 14, I agreed that I would revert this week with a further response, and I am doing so now.

    1.  Privilege Log.

Attached is a privilege log of documents withheld based on attorney-client privilege. Additionally, while I was gathering and reviewing the privileged communications to compile the log, I came across some emails that had been forwarded to me by UG that include non-privileged communications with Juice. I am providing those portions of the communications to you in a supplemental production (bates stamped UG1996-2104), which I am also attaching hereto.

    2.  Residence Address and Place of Employment

(a) Carolyn Driscoll

    Place of Employment:
    UncommonGood, Inc.
    67 Holly Hill Lane
    Greenwich, Connecticut 06830

(b) Jessee Ransone

    Residence Address:
    3625 Jemez Drive
    San Diego, California 92117

Emily Kirsch, Esq.
Page 2

        Place of Employment:
        UncommonGood, Inc.
        67 Holly Hill Lane
        Greenwich, Connecticut 06830

(c)  Katelin Kohl

        Residence Address:
        377 Spring Steet
        Orange, Connecticut 06477

        Place of Employment:
        UncommonGood, Inc.
        67 Holly Hill Lane
        Greenwich, Connecticut 06830

(d)  Sarah Grimm

        Residence Address:
        No Known Last Address

        Last Known Place of Employment:
        UncommonGood, Inc.
        67 Holly Hill Lane
        Greenwich, Connecticut 06830

(e)  Marcio Bortolini dos Santos

        Last Known Residence Address:
        Rio Grande do Sul, Brazil (specifics unknown)

        Last Known Place of Employment:
        Revelo Talent Corp.
        66 West Flagler Street
        Suite 900
        Miami Florida 33130

(f)  Bruno de Olivia Bemfica

        Last Known Residence Address:
        Brazil (specifics unknown)

        Last Known Place of Employment:
        Revelo Talent Corp.
        66 West Flagler Street
        Suite 900

Emily Kirsch, Esq.
Page 3

        Miami Florida 33130

    (g) Gregory Gilbert

        Residence Address:
        121 Doubling Road
        Greenwich, Connecticut 06830

        Place of Employment:
        Agilic Capital LLC
        2 Greenwich Office Park, Suite 300
        Greenwich, Connecticut 06831

   3.  <u>Noticed and Subpoenaed Deposition Dates</u>

      As requested in your March 10 and March 14 emails, and as discussed at our March 14 Meet and Confer, I have contacted each of the noticed and subpoenaed deponents to determine their availability for deposition, and I reviewed my own schedule.  Our availability is as follows:

    (a) Jessee Ransone
        Noticed: April 11, 2023
        Available: April 12, 2023

    (b) Robert Getz
        Subpoenaed: April 12, 2023
        Available: April 25, 2023

    (c) Marc Jaffe
        Subpoenaed: April 19, 2023
        Available: April 19, 2023

    (d) Katelin Kohl
        Noticed: April 21, 2023
        Available: April 17, 2023

    (e) Greg Gilbert
        Subpoenaed: April 24, 2023
        Available: April 24, 2023

    (f) Carolyn Driscoll
        Noticed: April 27, 2023
        Available: April 21, 2023

    (g) Bruno de Olivia Bemfica
        Noticed: April 25, 2023
        Available: N/A – As I've repeatedly informed you, Bruno is no longer engaged by UG.

Emily Kirsch, Esq.
Page 4

Please confirm that these dates work for you, or, if not, what other dates you propose.

Additionally, I am still awaiting your proposal as to the procedure you plan to use for your depositions in light of our stipulation in front of Judge Hall that the discovery in this action and the State action are to be used interchangeably. Accordingly, if you intend to continue any depositions to a second day in order to utilize the combined deposition times of the two actions, please inform me as to which deponents you intend to do that for so we can plan for that. However, I imagine that our designation of dual-captioned depositions, so that the transcripts apply to both proceedings as agreed, will make one day sufficient for most of UG's and Juice's depositions.

    4.  Internal And Other Additional Documents.

You continue to state that your "main grievance" with UG's production is that "no internal documents (i.e., emails, texts, slack channels or other communications) by and among UG employees, contractors or directors have been produced." I have already informed you that most of UG's internal communications are by Zoom – including those on the subject matters of your requests – and that it is not UG's practice to regularly communicate internally by email or text on the sorts of matters that are the subjects of your requests or to preserve such old emails and texts. I have also already informed you that UG did not control most of the Slack channels in which UG personnel exchanged communications with each other – Juice controlled those channels and has since deactivated them. As to the few other Slack channels that were within UG's control, UG, like Juice, also deactivated them (well before any litigation) once the Slack channels were no longer in use for their titled purpose.

I have also confirmed that there are no relevant Board minutes.

In connection with our prior production (and again following your request since then), all current UG personnel have searched their email accounts, cloud databases and current computers. They are in the process of further searching for any outdated computers they might still have in storage that might have additional documents you have requested. However, I am told that anything that might be on those computers would likely be duplicates of what has already been produced or just a few short documents, excerpts or screenshots.  I will forward to you promptly any additional relevant, non-privileged information if and when I received such.

Regarding former employee Sarah Grimm, her emails are not accessible, as her UG email account was deactivated upon her departure (well before any ligation), and its contents are expired.

    5.  Juice's Reponses to UG's Objections

Juice objected to Document Request No. 12 as "overly broad, unduly burdensome and impermissibly vague."  You have made no effort to narrow it or clarify it so that it might state a proper Request. Accordingly, Juice has no additional documents to produce in response and reserves its right to elaborate on its objections if and when you limit and clarify the request.

4

Emily Kirsch, Esq.
Page 5

       The same is true as to several other Responses that you challenge. You continue to demand additional discovery to which UG has already objected – but, for all your letters, you have not attempted to explain how any of UG's objections are actually improper or to resubmit your requests in a way that addresses or resolves UG's objections.  I have already brought this to your attention in my letter and at our Meet and Confer.  I suggest you do what is required on your end to facilitate any additional exchanges.

       I will look for your response to this letter in hopes of our resolving this matter without resort to the Court.

                         Very truly yours,

                         Spencer Dreier