UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Juice Creative Group, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UncommonGood, Inc.,<br><br>    Defendant. | Civil No. 3:22-CV-01175 (JCH)<br><br><br><br>August 7, 2023 |

### DISCOVERY RULING

1. ***Plaintiff's Motion to Compel Interrogatory Responses to Plaintiff's Second Set of Interrogatories dated April 24, 2023.  ECF No. 112***

Plaintiff seeks an order compelling proper responses to Interrogatory Nos. 9, 10, 12, 13, 14 in its Second Set of Interrogatories dated April 24, 2023. The Court rules as follows.

***Interrogatory No. 9***: Defendant shall provide a responsive unqualified answer, under oath, pursuant to Fed. R. Civ. P. 26(a)(4) and 33(b) to Interrogatory No. 9 consistent with UncommonGood's ("UG") email dated June 21, 2023, stating that the answer to this interrogatory "is complete at the present time."  ECF No. 114-3, at 1.

***Interrogatory No. 10*** : Defendant shall provide a responsive unqualified answer, under oath, pursuant to Fed. R. Civ. P. 26(a)(4) and 33(b) to Interrogatory No. 10 consistent with UG's email dated June 21, 2023, stating that "UG does not prepare minutes or reports in regard to its Board meetings"; any Board meeting agendas relating to Juice have been produced; and it has complied with this Court's May 3, 2023 order to "provide any information regarding its Board." ECF No. 114-3, at 1.  The response is due by **August 14, 2023**.

1

***Interrogatory No. 12***: In an email dated June 21, 2023, UG stated it provided an answer to Interrogatory 12 "earlier this week" in compliance with the Court's May 3, 2023 order and would be providing additional information "answering the balance of this Interrogatory." ECF Nos. 114-3, at 1; 136, at 6. Defendant shall provide a responsive unqualified answer, under oath, including the additional information, pursuant to Fed. R. Civ. P. 26(a)(4) and 33(b) to Interrogatory No. 12 by **August 14, 2023**.

***Interrogatory No. 13***: In an email dated June 21, 2023, UG stated it that "[b]ased on the information that Juice has now provided to UG, UG can answer Interrogatory 13, but needs more time to do so." ECF No. 114-3, at 1; 136, at 7. Defendant shall provide a responsive unqualified answer, under oath, including the information, pursuant to Fed. R. Civ. P. 26(a)(4) and 33(b) to Interrogatory No. 13 by **August 14, 2023**.

***Interrogatory No. 14***: In an email dated June 21, 2023, UG agreed to provide additional information responsive to this interrogatory consistent with this Court's May 3, 2023 Order and Judge Hall's Order on June 9, 2023. ECF No. 114-3, at 1; 136, at 7. Defendant shall provide a responsive unqualified answer, under oath., including the additional information, pursuant to Fed. R. Civ. P. 26(a)(4) and 33(b) to Interrogatory No. 14 by **August 14, 2023**.

2. *Plaintiff's Motion to Compel Greg Gilbert, Chuck Mosher, and Marc Jaffe to Comply with May 17, 2023 Subpoena to Produce Documents and to Authorize Service Upon Robert Getz. ECF No. 117*

For the reasons that follow, Plaintiff's Motion to Compel Greg Gilbert, Chuck Mosher, and Marc Jaffe to Comply with May 17, 2023 Subpoena to Produce Documents and to Authorize Service Upon Robert Getz is GRANTED in part and DENIED in part. ECF No. 117.

A. **Order Compelling Production of Documents Responsive to May 17, 2023 Subpoenas**:

*Items No. 1, 2, 4:* The subpoenaed non-parties shall provide a responsive unqualified answer, under oath to Request for Production No. 1, 2 and 4 consistent with UG's representation that the subpoenaed non-parties "have produced whatever responsive documents they have." ECF No. 137, at 2-3. Compliance in response to Items Nos. 1, 2, and 4 is due by **August 14, 2023.**

*Item No. 3:* The subpoenaed non-parties shall provide a responsive unqualified answer, under oath consistent with UG's representation that the subpoenaed non-parties "have produced whatever responsive documents they have" in compliance with the Court's orders limiting the scope of Plaintiff's request. ECF No. 137, at 2. Compliance in response to Item No. 3 is due by **August 14, 2023.**

*Item No. 5:* Plaintiff seeks: "[a]ll documents, communications or records concerning your investment in UncommonGood or concerning your ongoing obligations as a director of UncommonGood, Inc." The subpoenaed non-parties object to this request, as overly broad, unduly burdensome, unduly oppressive, impermissibly invasive and outside the scope of Rule 26(b). ECF No. 137, at 3. They state that "[w]hile the Subpoenaed Non-Parties have produced many documents they may be deemed to 'concern' their investment in UG, they decline to specifically produce '*all* documents, communications, or records concerning' their respective investments." *Id.* (emphasis added). The subpoenaed non-parties' objections are OVERRULED in part and SUSTAINED in part. The subpoenaed non-parties shall provide (1) documents that show conclusively their investment in Uncommon Good, if any/if applicable and (2) any and all documents, communications, and records showing representations made to Juice in their capacity as Directors and/or investors of UG. Compliance in response to Item No. 5 is due by **August 14, 2023.**

*Item No. 6:* The subpoenaed non-parties, if within their custody, possession and control, and Defendant shall produce audited and unaudited financial statements from 2022 – onward.[1] Compliance in response to Item No. 6 is due by **August 14, 2023.**

### B. Order Granting in Part and Denying in Part, Plaintiff's Motion to Compel Regarding Service of Process on Robert Getz, Director of UncommonGood, Inc.

Juice seeks an order compelling: (1) UG's counsel to accept services on behalf of Mr. Getz; or (2) authorizing Juice to effectuate service by "nail and mail" at Mr. Getz's residence, whereby a copy of the subpoena would be affixed to the door and a second copy sent by mail. Counsel for UG represents that he is not authorized to accept service on behalf of Robert Getz and he was unable to reach an agreement with counsel for Plaintiff. ECF 132, ¶ 10.

The Court declines to order counsel for UG to accept service of a subpoena on a non-party, and Plaintiff provided no authority to support this request. However, the Court will not condone any further attempts by Mr. Getz to avoid service of the subpoena.

Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "By its text, Rule 45 requires only "delivering" the subpoena to the named person, Fed. R. Civ. P. 45(b)(1), and does not dictate the manner in which the delivery must occur. *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017). "Although some courts have required service under Rule 45 by personal delivery, courts in the Second Circuit have, increasingly, authorized alternative service, as long as service is calculated to provide timely actual notice." *Gov't Emps.*

---

[1]   My May 3, 2023 Order compelled UG to produce audited and unaudited financial statements of Uncommon Good for 2022 and all documents, communications, and records concerning all financial projections and models prepared for any purpose from 2022 onward. ECF No. 79, at 2. Failure to turn over these documents by August 14, 2023 may lead to sanctions.

4

*Ins. Co. v. Kalitenko*, No. 22-CV-3804 (ARR), 2022 WL 16798219, at *1 (E.D.N.Y. Nov. 8, 2022) (collecting cases); *Pence*, 322 F.R.D. at 454 (collecting cases); *Tube City IMS, LLC v. Anza Capital Partners*, *LLC*, No. 14 CIV. 1783 PAE, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) ("There is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service.") (collecting cases). "Notably, Rule 45(b)(4) requires that the proof of service of a subpoena, which must be filed with the issuing court, specify the "manner of service" of the subpoena." *Pence*, 322 F.R.D. at 454. "[R]eading Rule 45 to permit only personal service would render this portion of the Rule superfluous." *Id.* (citing *Cordius Trust v. Kummerfeld,* No. 99-CV-3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000)). "The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service. They must 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.' Fed. R. Civ. P. 1." *Knopf v. Esposito*, No. 17CV5833(DLC), 2020 WL 6589593, at *2 (S.D.N.Y. Nov. 11, 2020) (permitting alternative service by email).

Plaintiff attempted personal service on Getz seven times at two locations. ECF No. 118-7, at 1-2 (6/26/2023 Rubin Aff. of Attempted Service at Getz's residence on May 19, 20, 23, and 26, 2023,); *Id.,* at 3-4 (6/2/2023 Rubin Aff. of Attempted Service at Getz's place of business on May 18, 19 and 23, 2023). UG's attorney acknowledges that he accepted service on behalf of Mr. Getz, on or about March 8, 2023. ECF No. 132, at 1, ¶2 (Drier Aff. ¶ 2). Mr. Getz served timely objections to the March 8 subpoena due to defects in the subpoena. *Id.,* at ¶¶ 2, 4. Plaintiff later withdrew the subpoena and UG's counsel now represents that he is not authorized to accept service. ECF No. 79, at 4; ECF No. 132, at 3, ¶ 6. Attorney Drier avers that he is "co-counsel for Robert Getz . . . in his capacity as director of UG." ECF No. 132, at 1, ¶ 1.

5

Based on this record, to avoid further delay, this Court authorizes alternative service by email to UG's counsel; by leaving a copy of the subpoena at Mr. Getz's residence and place of business; and by certified mail to Getz's home and work addresses.. Under these circumstances, permitting alternative service "is consistent with the principle embodied in Rule 1 of the Fed. R. Civ. P." *Government Employees Ins. Co.,* 2022 WL 16798219, at 2 *(Knopf,* 2020 WL 6589593, at *2 (authorizing alternate service by email to the corporation's managing agent); *Tube City IMS, LLC,* 2014 WL 6361746, at *2-3 (granting request to serve subpoena by certified mail and affixing subpoena to door); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116(PGG), 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (accepting service of subpoena by certified mail, by leaving copy with person of suitable age and discretion, and by serving counsel via email and certified mail after nine attempts to serve personally); *Cordius Tr.,* No. 99 CIV. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (accepting service by certified mail after repeated attempts by plaintiffs to effectuate personal service); *Pence*, 322 F.R.D. at 454 (permitting alternate service where non-party was aware of attempts to serve him and his email address was registered with state bar).

**CONCLUSION**

For the reasons stated, Plaintiff's Motion to Compel Interrogatory Responses to Plaintiff's Second Set of Interrogatories dated April 24, 2023, is **GRANTED.  ECF No. 112**.  Defendant's responses to Interrogatory Nos. 9, 10, 12, 13, and 14 are due on or before August 14, 2023.

Plaintiff's Motion to Compel Greg Gilbert, Chuck Mosher, and Marc Jaffe to Comply with May 17, 2023 Subpoena to Produce Documents and to Authorize Service Upon Robert Getz is **GRANTED in part and DENIED in part.  ECF No. 117**.

Counsel are ordered to provide a copy of this Discovery Ruling to their clients and the subpoenaed non-parties.

Defendant's and subpoenaed non-parties supplemental responses are due by August 14, 2023. Defendant's supplemental interrogatory responses shall be accompanied by a certification under oath executed by Defendant.

The Court reserves on the question of Attorney's Fees until after the close of discovery and after Defendant's compliance with these orders.

The close of discovery is September 20, 2023, and the Court does not anticipate any further extensions of this deadline. *See* ECF No. 135 (Order stating, "[a]ny failure by a party to meet these deadlines will be met with sanctions.").

This is not a recommended ruling. This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge