UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Juice Creative Group, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>UncommonGood, Inc.,<br><br>     Defendant. | Civil No. 3:22-CV-01175 (JCH)<br><br><br>December 3, 2023 |

**RULING ON PENDING MOTIONS**

**I. PLAINTIFF'S REVISED MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO RULE 37(a)(5).  ECF NO. 140**

Plaintiff Juice Creative Group, LLC  ("Juice") moves for an order compelling payment of attorneys' fees in the amount of $92,237.50 and costs of $894.43, jointly and severally, against Defendant UncommonGood, Inc. ("UG"), Defendant's counsel Spencer Dreier, the law firm Phillips Nizer, LLP, Defendant's local counsel Robert Fleischer and the law firm Green & Sklarz, pursuant to Rule 37(a)(5).[1]  For the reasons that follow, Plaintiff's Revised Motion for Attorneys' Fees and Costs Pursuant to Rule 37(a)(5) [ECF No. 140] is DENIED.

---

[1] Plaintiff seeks to recover fees and costs incurred in filing and/or responding to: (1) Juice's Motion to Compel, filed on April 4, 2023 [ECF No. 51]; (2) Juice's Motion to Extend Discovery Deadlines in connection with the Motion to Compel, dated April 25, 2023 [ECF No. 67]; (3) UG's Cross-Motion to Compel Depositions, dated April 28, 2023 [ECF No. 70]; (4) UG's Rule 72(a) Objections, dated May 17, 2023 [ECF No. 87]; and (5) UG's Motion to Stay the May 3 Order pending disposition of the Rule 72(a) Objections [ECF No. 93].  *See* ECF No. 141, at 1, n.1.

The Court is familiar with the discovery disputes at issue and will not recount the history here.

A. **Background**

On December 1, 2022, Juice served document requests and interrogatories on UG. UG served document and interrogatory responses on January 23, 2023. On February 3, 2023, UG served its document production consisting of 1,995 pages of documents. By letter dated March 1, 2023, Juice asserted various deficiencies in UG's responses and document production.

On April 4, 2023, Juice filed a Motion to Compel Discovery seeking an order compelling documents or responses to several requests for production or interrogatories. ECF No. 51. Oral argument was held on April 20, 2023 and May 3, 2023. A ruling issued on May 3, 2023, granting in part and denying the Motion to Compel.

Defendant filed an objection to the ruling on May 17, 2023, pursuant to Fed. R. Civ. P. 72(a). ECF No. 87. On June 9, 2023, after being heard, Senior United States District Judge Janet C. Hall overruled the objections and affirmed the ruling. ECF No. 109.

B. **Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure provides that where a court grants a motion to compel it *must*, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Cardwell v. Davis, Polk & Wardwell*, LLP, No. 1:19-cv-10256-GHW, 2021 WL 2650371, at *2

2

(S.D.N.Y. June 28, 2021) (quoting, *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-cv-01095 (PKC) (BCM), 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016)).  Despite the norm, if one of the exceptions to Rule 37 applies, the Court is not required to impose sanctions.

If the motion is granted in part and denied in part, then the Court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). "As the use of the word 'may' suggests, the decision whether to award fees is within the Court's discretion." *Huseby, LLC v. Bailey*, No. 3:20-cv-167 (JBA), 2021 WL 3206776, at *16 (D. Conn. July 29, 2021).  Courts in this Circuit have declined to award fees and costs to either party where the results of the motion to compel are mixed. *E.g., id.,* at *16 (citing cases).  "Courts have also declined to award expenses where "both the Plaintiff and the Defendant contributed to the inevitability of th[e] motion to compel," which was the case here." *Id.* (citing *Purugganan v. AFC Franchising, LLC,* No. 3:20-cv-00360(KAD), 2020 WL 4188362, at *5 (D. Conn. Aug. 17, 2020)).

The burden of persuasion as to whether an exception to mandatory expenses applies is on the party opposing the motion.  *Cardwell,* 2021 WL 2650371, at *2.  "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012) (internal quotation and citations omitted).  "This standard holds the opposing party to an objective test of reasonableness and does not require that he acted in good faith." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  Although the test is an objective one, a number of courts have observed that the question of substantial justification should be decided "with some leniency 'given the fact that

attorneys must advocate for their clients.'" *In re Omeprazole Patent Litig.*, No. M-21-81 (BSJ), MDL 1291, 2005 WL 818821, at *6 (S.D.N.Y. Feb. 18, 2005), *aff'd*, 227 F.R.D. 227 (S.D.N.Y. 2005) (quoting *Bowne of New York City, Inc.*, 161 F.R.D. at 262, 265).

### C. Discussion

Defendant argues that all three circumstances for denial of fees and costs applies here. The Court agrees. The Court is persuaded that an award of fees and costs is not warranted pursuant to Fed. R. Civ. P. 37(a)(5). As is recounted in detail in the briefs, and the revealed by the record before the Court, neither party is without fault. Rather, the record demonstrates missed opportunities on both sides to resolve disputes and to minimize the time and expense to complete discovery without the Court's intervention. However, when intervention was sought, no one side clearly prevailed. Put another way, the Court considered the parties' positions and entered orders to resolve disputes and to keep the parties on track to complete discovery within the Court ordered deadlines.

First, the record is clear that Plaintiff did not attempt "in good faith to obtain the disclosure or discovery without court action" prior to filing the Motion to Compel. Fed. R. Civ. P. 37(a)(5)(i). Although a deficiency letter was provided to counsel on March 1, 2023, this communication does not satisfy Local Rule 37(a) that requires the moving party to confer "in person or by telephone, with opposing counsel" to discuss the "discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." D. Conn. L. Civ. R. 37(a). Plaintiff did not meet the requirements of either Local Rule 37(a) or Fed. R. Civ. P. 37(a)(5)(A)(i), which warrants denial of fees and costs.

Second, Plaintiff's Motion to Compel was untimely filed. The motion was filed on April 4, 2023, more than thirty days after the due date for Defendant's responses to interrogatories and requests for production. Judge Hall's Scheduling Order specifically states that "[a]ny motion for

4

an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response.  Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel." ECF No. 25, at 2. Despite the fact that Plaintiff's motion was untimely, (ECF No. 51, 52, 53, 54), Judge Hall, in her discretion, referred the Motion to Compel to the undersigned for resolution, who allowed the motion to proceed on the merits.  ECF No. 55.  Plaintiff's failure to comply with Judge Hall's Scheduling Order regarding discovery motion practice provides another basis for denial of fees and costs.  Fed. R. Civ. P. 37(a)(5)(A)(iii).

      Finally, it cannot be reasonably disputed that Plaintiff did not prevail on all the claims raised in the Motion to Compel.  ECF No. 79.  In an Order granting in part and denying in part Plaintiff's Motion to Compel, this Court detailed the ways in which the discovery requests were either overbroad, or required further discussion, clarification, limitation on time, or a list of proposed search terms.  ECF No. 79.  The Court will not reiterate its ruling here.  Suffice it to say that there existed a genuine dispute concerning compliance with Plaintiff's discovery requests and the Court's intervention was necessary to resolve them.  While Juice partially prevailed on its motion, UG raised genuine disputes that would not justify sanctioning its opposition.  *See Comprehensive Habilitation Servs., Inc. v. Com. Funding Corp.,* 240 F.R.D. 78, 87 (S.D.N.Y. 2006) (finding that while some of the non-moving parties' arguments were frivolous "there was some justification overall" to support the party's resistance to some of the discovery requests, "specifically, its argument as to relevance. Because that argument—although not persuasive— could be characterized as a justification having 'substan[ce],' an award of attorney's fees is not warranted."); *Doe v. Mastoloni*, No. 3:14-cv-00718 (CSH), 2016 WL 347292, at *3 (D. Conn. Jan. 28, 2016) (finding that "[a]lthough Plaintiffs did not prevail on their principal basis for

nondisclosure (the impeachment factor), some decisions arguably favored Plaintiffs, and the question was close enough to leave the parties bearing their own expenses.").

Fundamentally, the discovery deficiencies raised in Plaintiff's Motion to Compel are of the type that are expected to be resolved without the need for court intervention. For example, during oral argument on April 25, 2023, Defendant argued that Plaintiff was raising new arguments that they did not have an opportunity to brief. ECF No. 68, Tr. at 11:17-23. There was also an extensive discussion regarding an appropriate time frame for production of documents [ECF No. 68, Tr. at 28:8-30:2]; and discussions regarding who owned certain Slack channels and whether they could be reactivated and/or recovered from the Cloud or an employee's computer. ECF No. 68, Tr. at 43:13-53:25; *see also*, ECF No. 81, Tr. at 81:3-23 (May 3, 2023 hrg.) (directing counsel to meet and confer regarding Slack, email, direct messaging and other electronic communications). What is clear is that both sides were responsible for not working cooperatively and acting in a less than productive manner to resolve disputes, explain discovery requests and/or tailor discovery so the other party can properly respond. *See* ECF No. 81, at 5:8-:18. In other words, neither party demonstrated they engaged in good faith discussions; that is, the give and take that is required of officers of the court working cooperatively to comply with the Federal Rule's discovery obligations. *See, e.g.*, *Family Wireless #1, LLC v. Auto. Techs., Inc.*, No. 3:15-CV-01310 (JCH), 2016 WL 3911870, at *7 (D. Conn. July 15, 2016) (declining to award fees where defendant's motion to compel was granted in part but where the court found "that the intransigence of counsel for both sides contributed to the filing of the motion" and communications reflected counsels' unwillingness to compromise, thereby rendering award unjust).

Plaintiff also seeks an award of attorneys' fees and costs incurred in opposing Defendant's objection to the May 3, 2023 ruling. For the reasons set forth above, the Court finds that

Defendant's objections to the scope of discovery was substantially justified. The Court otherwise declines to weigh in on the merits of Defendant's objection that was ruled on by Judge Hall.

Accordingly, the Court finds that an award of fees is not warranted as some of Defendant's arguments were substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii*)*. Plaintiff's Revised Motion for Attorneys' Fees and Costs [ECF No. 140] is DENIED.

## II.     PLAINTIFF'S MOTION FOR SANCTIONS.  ECF NO. 144

Plaintiff moves for an order sanctioning Defendant, pursuant to Fed. R. Civ. P 37(b), for its "persistent refusal" to produce profit and loss information, including detailed revenues and expenses for 2023 and for Defendant Counsel's instructions to its client's CEO Carolyn Driscoll not to answer questions at a deposition regarding UG's financial information for the year 2023.[2] For the reasons that follow, Plaintiff's Motion for Sanctions [ECF No. 144] is DENIED.

### A.     Financial Information

On May 3, 2023, the Court granted in part and denied in part Plaintiff's Requests for Production Nos. 7 and 8 seeking UG's financial information. ECF No. 79, at 1-2. Plaintiff contends that UG's production of financial information for 2022 is incomplete, it has not produced

---

[2]     Plaintiff also moves the Court to not only

> (i) require the immediate production of Compelled Financial Information; and (ii) impose coercive monetary sanctions on UG and its attorneys in an amount of $1,000/day running from the date of this motion through the date that Defendant makes full and satisfactory production of the Compelled Financial Information; but also to (iii) reopen the deposition of UG's CEO Carolyn Driscoll for the purpose of confirming that the Compelled Financial Information to be produced is through, complete and accurate; (iv) issue a just order pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) precluding Defendant from introducing any evidence in opposition to Plaintiff's damages calculations, *i.e.* precluding Defendant from seeking to prove its deductible expenses and/or and/or elements of profit attributable to factors other than the copyrighted works or otherwise oppose Plaintiff's damages calculations for any of its claims; and (v) award Plaintiff its attorneys' fees in bringing and in reopening the Driscoll deposition.

ECF No. 145, at 2.

basic financial information for 2021 and "most importantly, through the present, including 2023." ECF No. 145, at 3. The Court disagrees.

With regard to 2021 financial information, Plaintiff points to no order directing Defendant to provide financial material for 2021 because that year was not included in the Court's orders. ECF No. 79, at 1 (ruling on RFP No. 7); *Id.,* at 2 (ruling on RFP No. 8).

With regard to 2022 financial information, Plaintiff's Requests for Production Nos. 7 and 8 were granted in part and denied in part. As to No. 7, Defendant was ordered to "produce all audited and unaudited financial statements of Uncommon Good for 2022 and all documents, communications, and records concerning all financial projections and models prepared for any purpose from 2022 onward." *Id.,* at 1(ruling on RFP No. 7). As to No. 8, the Order states that "[i]n lieu of production of tax returns, Defendant shall produce profit and loss statements for Uncommon Good, Inc. for 2022 and revenue sheets from Uncommon Good Inc.'s accountant or accounting software for 2022." *Id.,* at 2 (ruling on RFP No. 8).

Defendant represents that it has fully complied with the Court's Order by producing an unaudited 2022 P & L Statement and producing a "cash guess" projection for 2022-2023. ECF No. 157, at 3 (citing Drier Decl., at ¶7). As to the 2022 P & L Statement, UG represents that this document, is "UG's only financial statement for 2022, audited or unaudited." *Id.* (citing Driscoll Decl., at ¶2; Drier Decl., at ¶7); *id.,* at 4, n.2 ("So, there are no other financial statement[s] to produce."). UG represents that it has fully complied with the Court's Order regarding Request for Production No. 8, by producing the P & L Statement for 2022.

UG states that the 2022-2023 "cash guess", prepared in late 2022, "is the only document, even as informal and minimal as it is, that even resembles 'a financial projection or model prepared for any purpose from 2022 onward.'" *Id.*, at 4 (citing Driscoll Decl., ¶2; Drier Decl., ¶8). Defendant maintains "[t]here is no more recent projection"; "[t]here were no 2022 documents used

8

to prepare it" and "there were no 2023 documents or record used to prepare the 2022-2023 'cash guess.'" *Id.* (citing ECF No. 158-3, Ex. A, at 61:9-62:16 (Driscoll Depo. Tr. Aug. 3, 2023); ¶2; Drier Decl., ¶¶8, 9). UG represents that it has fully complied with the Court's Order regarding Request for Production No. 7 by producing the 2022-2023 "cash guess" and providing a supplemental answer to Interrogatory No. 14 on August 17, 2023.[3] *Id.,* at 8.

With regard to 2023 financial information, the Court disagrees with Plaintiff's broad reading of the May 3, 2023 Order. To put the Order in context, when this discovery request was argued in late April and early May 2023, there were no financial statements available for that fiscal year because we were still in 2023. Stated differently, the Court did not contemplate production of financial statements that did not exist. Accordingly, the Court finds that sanctions are not warranted based on Defendant's supplemental answer to Interrogatory No. 14 and/or failure to provide financial information for 2023.

For these reasons, the Court finds that sanctions are not warranted pursuant to Fed. R. Civ. P. 37(b)(2)(A). *Gen. Motors, LLC v. Lewis Bros., LLC*, No. 10-CV-725S F, 2013 WL 3282866, at *3 (W.D.N.Y. June 27, 2013) ("Enforcing discovery obligations through sanctions pursuant to Fed. R. Civ. P. 37(b)(1)(A) ('Rule 37(b)(2)(A)') is within the discretion of the court.") (citing cases).

### B. Carolyn Driscoll's Deposition

This Court disfavors instructions to witnesses not to answer. Rule 30(c)(2) expressly limits the instances in which a deponent can be instructed not to answer a question: "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule

---

[3] The Court notes that Defendant maintains it provided a response to Interrogatory No. 14 on July 19, 2023, prior to the Court's Order. "UG served its July 19 Supplemental Answer again, on August 17 (As part of its Second Supplemental Answers to Interrogatories), but this time without reserving any Objections," consistent with the Court's August 7, 2023 ruling. ECF No. 157, at 9, n.3. (citing Drier Decl. ¶31).

9

30(d)(3)." *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 30(c)(2)). Absent those situations, "the examination still proceeds; the testimony is taken subject to the objection." *Id. See also Nat'l Microsales Corp. v. Chase Manhattan Bank, N.A.*, 761 F. Supp. 304, 307 (S.D.N.Y. 1991) (noting the proper procedure for non-privilege objections "is for the attorney who raises the objection to note his objection but to allow the question to be answered.").

Here, as explained in the preceding section, the Court's May 3, 2023 Order needs to be put in context of the information that was requested by Plaintiff and the information that was available for production in the middle of 2023. Contrary to Defendant's counsel's stance at the Ms. Driscoll's deposition, the May 3, 2023 Order in no way expressly limits Juice's access to UG's 2023 financial information throughout discovery. In fact, it suggests the opposite by ordering Defendant to produce "documents, communications, and records concerning all financial projections and models prepared for any purpose from 2022 **onward**".  The August 7, 2023 Order, provided for the production of audited and unaudited financial statements from 2022 – onward" by subpoenaed non-parties.

As such there was no basis, namely "limitation ordered by the court", for Defendant's counsel to instruct Carolyn Driscoll and Greg Gilbert not to answer questions regarding UG's 2023 financials.  Plaintiff shall be entitled to reopen the deposition of Carolyn Driscoll and Greg Gilbert for the limited purpose of compelling answers to the specific questions that Ms. Driscoll and/or Mr. Gilbert were instructed not answer regarding UG's 2023 finances at the instruction of Attorney Dreier. Attorney Dreier's firm shall pay Plaintiff's counsel's reasonable attorney fees and court reporter expenses incurred in the taking of the reopened deposition, if Plaintiff elects to reopen them. If the parties cannot agree on a reasonable fee, the matter can be submitted to me for resolution.

While the Court finds that, other than the reopening of the deposition, sanctions are not warranted, the Court has concerns related to Defense Counsel's competency in the area of electronic discovery. The failures in this case surrounding the preservation and production of electronically stored information, which included, identification of custodians to be searched, identification of search terms to be input and production of chat messages on the application Slack, began well before my involvement. At the first hearing I held to address the pending discovery motion, I handed out to counsel for each side a "Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information" which was adapted from the United States District Court for the Northern District of California. ECF No. 68, at 3:23-4:20 (Hrg. Tr. Apr. 20, 2023). The instructions in the checklist provide, among other things, that

> the Court encourages the parties to engage in on-going meet and confer discussions and use the following Checklist to guide those discussions. These discussions should be framed in the context of specific claims and defenses involved. The usefulness of particular topics on the checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

While the harm of lack of competency on the issue of electronic discovery cannot be undone in this case, it is the Court's hope that defense counsel can better verse himself on the subject for future matters, and/or bring in professionals with the competency necessary to navigate the issue efficiently and knowledgeably. *See e.g.,* ECF No. 68, 34:13-38:1 (colloquy during Apr. 20, 2023 hearing, regarding searching emails and Slack); ECF No. 68, at 40:22-42:22; 51:18 (discussion regarding Defendant's December 2021 letter threatening litigation, preservation of electronic discovery, litigation hold letter).

### III. CONCLUSION

For the reasons stated, Plaintiff's Revised Motion for Attorneys' Fees and Costs **[ECF No. 140]** is **DENIED**; Plaintiff's Motion for Sanctions **[ECF No. 144]** is **GRANTED IN PART AND DENIED IN PART**; Plaintiff's unopposed Motion to Seal **[ECF No. 147]** is **DENIED** as moot

in light of the representation that the parties' reached an agreement. *See* ECF No. 165, at 4 (stating that "Plaintiff will seek to withdraw the prior motion to seal."); Plaintiff's unopposed Motion to Seal **[ECF No. 164]** is **DENIED**[4]; and Defendant's Motion for Permission to File Sur-reply in Further Opposition to Plaintiff's Motion for Sanctions **[ECF No. 169]** is **GRANTED**.

This is not a recommended ruling.  This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery."  D. Conn. L. Civ. R. 72(C)(2).  As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2.  It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia,*
Hon. Maria E. Garcia
United States Magistrate Judge

---

[4] Plaintiff's unopposed Motion to Seal excerpts from the deposition transcript of Greg Gilbert, dated August 8, 2023, attached to Plaintiff's Reply in Further Support of its Motion for Sanctions as Exhibit J [ECF No. 164] is DENIED. The motion does not present "clear and compelling reasons" and sealing these documents is not "narrowly tailored to serve those reasons." Loc. R. Civ. P. 5(e)(3).